IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| HOLLIS FOSTER | * | |
|     Plaintiff | * | |
| | * | NO: 4:05CV000563 SWW |
| VS. | * | |
| | * | |
| CITY OF HOLLY GROVE, ET AL. | * | |
| | * | |
|     Defendants | * | |

ORDER

Plaintiff Hollis Foster ("Foster") brings this action pursuant to 42 U.S.C. §§ 1983, 1981 and 1985 claiming that Defendants terminated his employment in violation of his constitutional rights to procedural due process and equal protection. Before the Court is Defendants' motion for summary judgment (docket entries #24, #25, #26). The time for responding has passed, and Foster has not responded to Defendants' motion. After careful consideration, and for the reasons that follow, the Court finds that Defendants' motion should be granted. Additionally, the Court will dismiss, without prejudice, Defendants' counterclaim for conversion.

I.

The following facts are undisputed.[1] On May 15, 2002, the City of Holly Grove ("City")

---

[1] Pursuant to Local Rule 56.1, a party moving for summary judgment must submit a "statement of the material facts as to which it contends there is no genuine issue to be tried" and the non-moving party must submit a "short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." Under the Local Rule, all material facts set forth in the statement filed by the moving party "shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Because Foster failed to respond to

hired Foster as Assistant Chief of Police, and on August 1, 2002, Mayor Lula Tyler promoted Foster to Chief of Police. Pursuant to the City's personnel manual, all employment with the City is at-will.

During Foster's tenure as Chief of Police, Mayor Tyler wrote him letters complaining that he was exceeding his fuel budget, misusing his police car, and not making his presence known in the City. Sometime after September 11, 2003, Foster told Mayor Tyler he had done all he could for the City and that he quit. Docket entry #26, ¶ 6.

On April 5, 2005, Foster commenced this lawsuit against the City, Mayor Tyler, and members of the Holly Grove City Council. Foster claims that Defendants terminated his employment in violation of his rights to procedural due process and equal protection.

## II.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When considering a motion for summary judgment, a court must construe all

---

Defendants' motion, all facts set forth in Defendants' statement of material facts are deemed admitted.

evidence in favor of the non-moving party. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)). However, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

### III.

In support of their motion for summary judgment, Defendants assert that no genuine issues for trial exist in this case. The Court agrees.

**Procedural Due Process**

Foster claims that Defendants terminated his employment without affording him procedural protections required under the Fourteenth Amendment. To establish a violation of procedural due process, Foster must first establish the existence of a protected property interest in continued employment with the City. *See Bennett v. Watters* 260 F.3d 925, 927 (8th Cir. 2001)(citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985)). "Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 92 S.Ct. 2701, 2709 (1972). Under Arkansas law, employment is at-will unless it is for a fixed term or an employee handbook contains an express provision against termination except for cause. *See Gladden v. Arkansas Children's Hospital,* 728 S.W.2d 501, 505 (Ark. 1987).

It is undisputed that Foster's employment was not for a fixed term, and the City's personnel manual specifically states that all employment with the City is at-will. Further, under

Ark. Code Ann. § 14-42-110, unless vetoed by two-thirds of the city council, a city mayor has the power to appoint and remove all departments heads–including chiefs of police. Because Foster had no property interest in his position, he had no right to procedural protections, and there are no genuine issues for trial with respect to his due process claim.

**Equal Protection**

Foster states in his complaint that he invokes the "jurisdiction" of the Equal Protection Clause. The Equal Protection Clause requires that the government treat similarly situated persons alike. Therefore, to state an equal protection claim, it is essential that a plaintiff allege that he was treated differently than others who are similarly situated to him. *Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996). Foster does not allege that he was treated differently than similarly-situated employees, thus he fails to present a viable equal protection claim.

**42 U.S.C. §§ 1981, 1983, 1985**

In his complaint, Foster states that he brings claims pursuant to 42 U.S.C. §§ 1983, 1981, and 1985. However, there are no genuine issues for trial with respect to purported claims under these statutes.

Plaintiffs suing under 42 U.S.C. § 1983 must establish two essential elements: (1) that the defendant committed the complained of conduct under color of state law, and (2) that the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. For the reasons stated above, there are no genuine issues for trial with respect to Foster's claims that Defendants violated his constitutional rights to due process and equal protection.

Title 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making and

enforcing of contracts. *See* 42 U.S.C. § 1981(a).  Similarly, 42 U.S.C. § 1985 provides relief for racial or class based discrimination.  Foster does not allege or present evidence that Defendants discriminated against him on the basis of race.  The Court concludes that Foster has failed to present any issues for trial in this case.

### IV.

Defendants filed a counterclaim for conversion.  Because the Court will dismiss all claims over which it has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Defendants' counterclaim brought under state law, and will dismiss this claim without prejudice.  *See* 28 U.S.C. § 1367(c) (providing that a district court may reject supplemental jurisdiction over state-law claims when all other claims over which it has original jurisdiction have been dismissed).

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (docket entry #24) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' counterclaim brought pursuant to state law is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, pursuant to the judgment filed together with this order, this case is DISMISSED.

IT IS SO ORDERED THIS 16TH DAY OF MARCH, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE